**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
OFFICE OF THE CLERK
www.miwd.uscourts.gov

| 399 Federal Bldg. | B-35 Federal Bldg. | 113 Federal Bldg. | 229 Federal Bldg. |
|---|---|---|---|
| 110 Michigan St., NW | 410 W. Michigan Ave. | 315 W. Allegan St. | 202 W. Washington St. |
| Grand Rapids, MI 49503 | Kalamazoo, MI 49007 | Lansing, MI 48933 | Marquette, MI 49855 |
| (616) 456-2381 | (269) 337-5706 | (517) 377-1559 | (906) 226-2021 |

March 25, 2008

**FILED**

MAR 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Mr. Richard W. Wieking
Clerk
United States District Court
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

CR-08-146-CW

RE:    USA v. Catherine Ticole Jones
       OUR Case No. 1:02-cr-00055  Hon. Chief Judge Robert Holmes Bell

Dear Court Personnel:

Pursuant to the enclosed Order for Transfer of Jurisdiction over the above-named supervised releasee to the Northern District of California filed March 24, 2008, we are herewith sending certified copies of our order of transfer, indictment, plea agreement, judgment and docket sheet .

Please acknowledge receipt of this transfer case by returning a date-stamped copy of this letter to our court in the enclosed self-addressed envelope.  Thank you.

Sincerely,

Ronald C. Weston, Sr., Clerk

/s/ G. Frayer

By:  Deputy Clerk

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | 1:02:CR:55-02 |
| DOCKET NUMBER *(Rec. Court)* | 0971 4:08CR0146 - 1 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT WESTERN DISTRICT OF MICHIGAN | DIVISION Southern |
|---|---|---|
| Catherine Ticole Jones<br>Novato, CA 94947 | NAME OF SENTENCING JUDGE<br>Hon. Robert Holmes Bell, Chief U.S. District Judge | |

| | | |
|---|---|---|
| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 09/28/07 | TO 09/27/12 |

OFFENSE

Conspiracy to Possess With Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine;
21 U.S.C. § 846, 841(a)(1), and (b)(1)(A)(ii)

**FILED - GR**

March 24, 2008 3:45 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ACD /

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "WESTERN DISTRICT OF MICHIGAN"

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_Feby 12, 2008_
*Date*

_Robt Holmes Bell_
Hon. Robert Holmes Bell
Chief United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "NORTHERN DISTRICT OF CALIFORNIA"

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_3-5-08_
*Effective Date*

Certified a True Copy/
Ronald C. Weston, Sr., Clerk
By _____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 3/25/08

_Hon. Saundra Brown Armstrong_
United States District Judge

202

UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

KATRINA CURRY, a/k/a Trina,
CATHERINE TICOLE JONES,
ROBERT LEE BLAIR, a/k/a Raboo,
FARAJI IGNATIUS LOGGINS, a/k/a Puff,
ROY LAMONT WILLIAMS, a/k/a Sweet,
ROBERT JERRY MILES, a/k/a Little Jerry, and
TIMOTHY LA-KEITH PAYTON, a/k/a Man Man,

        Defendants.

_____/

No.   1:02-CR-55

HON.  ROBERT HOLMES BELL

INDICTMENT

The Grand Jury charges:

## COUNT

### (CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE COCAINE)

Commencing in or before December, 2000 and continuing thereafter until in or about December, 2001, in the Western District of Michigan, Southern Division, and elsewhere, the Defendants,

KATRINA CURRY, a/k/a Trina,
CATHERINE TICOLE JONES,
ROBERT LEE BLAIR, a/k/a Raboo,
FARAJI IGNATIUS LOGGINS, a/k/a Puff,
ROY LAMONT WILLIAMS, a/k/a Sweet,
ROBERT JERRY MILES, a/k/a Little Jerry, and
TIMOTHY LA-KEITH PAYTON, a/k/a Man Man,

did combine, conspire, confederate, and agree together and with persons known and

unknown to the grand jury, to knowingly and intentionally possess with intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

OBJECT

The principal object of this conspiracy was to make money from the illegal sale and distribution of cocaine.

MEANS AND METHODS

It was part of the conspiracy that KATRINA CURRY would deliver quantities of cocaine from the Chicago, Illinois area to Lansing, Michigan for sale and distribution. KATRINA CURRY would also deliver quantities of cocaine in Chicago to other members of the conspiracy who would travel from Lansing, Michigan to the Chicago, Illinois area. In furtherance of the conspiracy, CATHERINE TICOLE JONES and other unnamed conspirators made deliveries and sold quantities of cocaine in Lansing, Michigan at the direction of KATRINA CURRY. As part of the conspiracy, Tychicus Upshaw would purchase cocaine for resale from KATRINA CURRY and CATHERINE TICOLE JONES by pooling monies with other conspirators including ROBERT LEE BLAIR, FARAJI IGNATIUS LOGGINS, ROY LAMONT WILLIAMS, ROBERT JERRY MILES, and TIMOTHY LA-KEITH PAYTON. Tychicus Upshaw, ROBERT LEE BLAIR, FARAJI IGNATIUS LOGGINS, ROY LAMONT WILLIAMS, and other unnamed conspirators also traveled to Chicago, Illinois during the time period of the conspiracy to pick up cocaine from KATRINA CURRY. In furtherance of the conspiracy, ROBERT JERRY MILES, TIMOTHY LA-KEITH PAYTON, and Tychicus Upshaw would

2

manufacture cocaine base for resale from the cocaine received from KATRINA CURRY

and CATHERINE TICOLE JONES.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(ii)

A TRUE BILL

MARGARET M. CHIARA
United States Attorney

GRAND JURY FOREPERSON

Raymond E. Beckering III
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404

3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

FILED - GR

02 JUL 19 PM 12: 08

⟨...⟩ ⟨...⟩ SR. CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH
BY ⟨...⟩

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CATHERINE JONES,

        Defendant.

_____/

No. 1:02-CR-55

Hon. Robert Holmes Bell
Chief United States District Judge

3/25/08

### PLEA AGREEMENT

This constitutes the plea agreement between Defendant Catherine Jones and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty.</u>    The Defendant agrees to plead guilty to the single count of the Indictment. The Indictment charges the Defendant with conspiracy to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2.    <u>The Defendant Understands the Penalty.</u>    The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846 and 841(a)(1) is the following: not less than ten (10) years and not more than forty (40) years in prison; not less than 5 years of supervised release; a fine of not more than $4,000,000.00; and a mandatory special assessment of $100.00.

89

3.    The Defendant's Agreement Regarding Drug Quantity.    The Defendant admits that the quantity of cocaine with which she was involved relative to the conspiracy to possess with intent to distribute and to distribute cocaine was more than five (5) kilograms of cocaine and was more than sufficient to provide for the statutory penalty of ten (10) years to forty (40) years in prison.  The Defendant understands that this admission may be used in determining her sentence and relieves the Government of any obligation to independently prove the substance of this admission.

4.    The Defendant Agrees to Cooperate.    The Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which she is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity.  The Defendant will neither commit nor assist others in the commission of any criminal offense during the course of her

2

cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

5.    The United States Attorney's Office Agreement Regarding Additional Charges.    The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against the Defendant in the Western District of Michigan arising out of the facts and circumstances underlying the present Indictment, provided that the conduct is disclosed to the Government by the Defendant or her attorney prior to the date of this agreement. The Defendant shall remain subject to prosecution for any criminal activity she has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

6.    The United States Attorney's Office Agreement Regarding USSG § 1B1.8 Protection.    The U.S. Attorney's Office agrees that information provided by the Defendant through the Defendant's proffer(s), and any information provided pursuant to the Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance the Defendant's sentence, in accordance with United States Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government

3

at sentencing if the Defendant takes a position at sentencing that contradicts information provided by the Defendant pursuant to this agreement or any proffer agreement.

    7.    Guideline Stipulations.

        a.    Stipulation To Drug Quantity. The Defendant and the U.S. Attorney's Office agree and stipulate that, based upon information known to the government, the Defendant should be held responsible for ten (10) kilograms of cocaine pursuant to USSG § 2D1.1.

        b.    Stipulation To Dangerous Weapon. The Defendant and the U.S. Attorney's Office agree and stipulate that, based upon information known to the government, the defendant did not possess a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

    The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. The Defendant understands that, if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, the Defendant cannot, for that reason alone, withdraw her guilty plea. In the event that the Court's sentencing calculations are different than those set forth above, each party agrees to maintain its view on appeal or collateral review

that the stipulations in this paragraph are consistent with the facts of this case, but reserves the right to argue on appeal and collateral review that the Court's calculations are not error.

8.    Possibility of Sentence Reduction.    The U.S. Attorney's Office agrees to make a good faith evaluation of the Defendant's cooperation under this agreement in determining whether to file a motion for reduction of sentence pursuant to Sentencing Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determination of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a promise by the Government to file such a motion, but, rather, a promise to use good faith in evaluating the Defendant's assistance to the Government in the prosecution of others to determine whether a motion should be filed. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court has complete discretion to determine how much of a sentence reduction the Defendant will receive based upon the nature and extent of the Defendant's assistance. The Defendant acknowledges and agrees that she may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

9.    Consequences of Breach.    If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

10.    The Court is not a Party to this Agreement.    The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw her guilty plea, and she will remain bound to fulfill all of her obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

11.    <u>This is the Complete Agreement</u>.    This agreement has been entered
into by both sides freely, knowingly, and voluntarily, and it incorporates the complete
understanding between the parties.  No other promises have been made, nor may any
additional agreements, understandings, or conditions be entered into unless in a writing
signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

7/18/02
Date

RAYMOND E. BECKERING III
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my
attorney.  I understand the terms of this agreement, and I voluntarily agree to those
terms.  My attorney has advised me of my rights, of possible defenses, of the United
States Sentencing Guideline provisions, and of the consequences of entering into this
agreement.  No promises or inducements have been made to me other than those
contained in this agreement.  No one has threatened or forced me in any way to enter
into this agreement.  Finally, I am satisfied with the representation of my attorney in this
matter.

7/18/02
Date

CATHERINE JONES
Defendant

I am Catherine Jones' attorney.  I have carefully discussed every part of this
agreement with my client.  Further, I have fully advised my client of her rights, of
possible defenses, of the United States Sentencing Guideline provisions, and of the
consequences of entering into this agreement.  To my knowledge, my client's decision
to enter into this agreement is an informed and voluntary one.

7/18/02
Date

PAMELA C. ENSLEN
Attorney for Catherine Jones

7

# United States District Court

## Western District of Michigan

UNITED STATES OF AMERICA

    V.

CATHERINE TICOLE JONES

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

Case Number: 1:02-CR-55-02

Pamela C. Enslen
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to a 1 Count Indictment.
☐ pleaded nolo contendere to Count(s)    which was accepted by the court.
☐ was found guilty on Count(s)    after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
| --- | --- | --- |
| 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(ii) | 12/31/01 | 1 |

Nature of Offense:

Conspiracy to Possess With Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) .

☐ Count(s)    (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 1/9/77
Defendant's US Marshal's No.: 10960-040

Defendant's Address:
99 Cole Dr., Apt. 7
Sausalito, CA  94965-1234

DATED: November 18, 2002

Date of Imposition of Judgment: November 8, 2002

HON. ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE

124

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **eighty-two (82) months.**

☒   The court makes the following recommendations to the Bureau of Prisons:

   That the defendant receive intensive drug abuse treatment.
   That the defendant receive educational opportunities.
   That the defendant be housed in an institution near her family, who presently reside in the Northern District of California.

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district
   ☐  at __ a.m./p.m. on __ .
   ☐  as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
   ☐  before 2 p.m. on __ .
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.

_____
United States Marshal

By_____
Deputy United States Marshal

AO 245B (Rev. 3/01) Sheet 3 - Supervised Release

Judgment--Page 3 of Case 4:08-cr-00146-CW    Document 2    Filed 03/28/2008    Page 15 of 23
Defendant: CATHERINE TICOLE JONES
Case Number: 1:02-CR-55-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenders qualifying for collection of a DNA sample pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000:*

☐    The defendant shall cooperate in the collection of DNA as directed by their probation officer.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within 60 days.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

*For offenders convicted of a domestic violence crime defined in 18 U.S.C. § 3561(b):*

☐    The defendant shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50 mile radius of the legal residence of the defendant.

*For offenders described in 18 U.S.C. § 4042(c)(4) who committed offenses after November 26, 1998:*

☐    The defendant shall report the address where they will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in the state where the defendant resides, is employed, carries on a vocation, or is a student.

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court and shall also comply with the special conditions of supervision set forth on the attached page(s).

AO 245B (Rev. 3/01) Sheet 3 cont'd - Supervised Release   Standard Conditions of Supervision
Judgment--Page 4 of   Case 4:08-cr-00146-CW    Document 2    Filed 03/28/2008    Page 16 of 23
Defendant: CATHERINE TICOLE JONES
Case Number: 1:02-CR-55-02

## STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least fifteen days prior to any change in residence or employment;
7.  the defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall provide the probation officer with access to any requested financial information.
2.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
3.  The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.
4.  The defendant shall refrain from all use of alcoholic beverages.
5.  The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.
6.  The defendant shall not associate with anyone who is or has been involved with substance abuse.
7.  The defendant shall attend Narcotics Anonymous at the option of the probation officer.
8.  The defendant shall be employed full time or shall be in school full time.

Defendant: CATHERINE TICOLE JONES
Case Number: 1:02-CR-55-02

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $100 | $2,000 | $ |

☐     The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐     The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | $ | $ | |
| TOTALS | $ | $ | |

☐     If applicable, restitution amount ordered pursuant to plea agreement $_____

☐     The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒     The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ☒     the interest requirement is waived for the ☒ fine and/or ☐ restitution.

     ☐     the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment--Page 6 of 8
Defendant: CATHERINE TICOLE JONES
Case Number: 1:02-CR-55-02

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒     Lump sum payment of $ __100.00__ due immediately, balance due

          ☐     not later than _____, or

          ☒     in accordance with ☐ C, ☐ D, or ☒ E below; or

**B** ☐     Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C** ☐     Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐     Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☒     Special instructions regarding the payment of criminal monetary penalties: Payment is to be made from prison earnings and is to begin no later than one year from the date of this judgment. Upon release to supervision, monthly payments are to begin within six months as directed by the probation officer. The balance is due in full not later than the end of the term of supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 4:08-cr-00146-CW    Document 2    Filed 03/28/2008    Page 19 of 23

APPEAL, CLOSED

# United States District Court
## Western District of Michigan (Southern Division (1))
## CRIMINAL DOCKET FOR CASE #: 1:02-cr-00055-RHB-2

Case title: USA v. Curry, et al

Date Filed: 03/07/2002
Date Terminated: 11/08/2002

Assigned to: Chief Judge Robert Holmes Bell

**defendant (2)**

**Catherine Ticole Jones**
*TERMINATED: 11/08/2002*

represented by **Pamela Chapman Enslen**
Miller Canfield Paddock & Stone PLC
(Kalamazoo)
227South Rose St., Ste. 5000
Kalamazoo, MI 49007
(269) 381-7030
Email: enslen@millercanfield.com
*TERMINATED: 11/08/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Pending Counts**

21:846=CP.F; 21:841(a)(1); 21:841(b)(1)(A)(ii) -
CONSPIRACY TO POSSESS CONTROLLED
SUBSTANCE
(1)

**Disposition**

Sentenced to 82 Months imprisonment, 5 Years
supervised release, a fine in the amount of $2,000
and $100 special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

Certified as a True Copy
Ronald C. ...ton, Sr.. Clerk
By_____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date_3/25/08

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**

represented by **Raymond E. Beckering, III**
U.S. Attorney (Grand Rapids)
The Law Bldg.
330 Ionia Ave., NW
P.O. Box 208
Grand Rapids, MI 49501-0208

(616) 456-2404
Fax: (616) 456-2517
Email: ray.beckering@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Salan**
U.S. Attorney (Grand Rapids)
The Law Bldg.
330 Ionia Ave., NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Email: john.salan@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2002 | 1 | INDICTMENT (3 pgs) against Katrina Curry (1) as to count 1; Catherine Ticole Jones (2) as to count 1; Robert Lee Blair (3) as to count 1; Faraji Ignatius Loggins (4) as to count 1; Roy Lamont Williams (5) as to count 1; Robert Jerry Miles (6) as to count 1 and Timothy La-Keith Payton (7) as to count 1 (gjf) (Entered: 05/08/2002) |
| 03/07/2002 | 2 | MOTION AND ORDER (1 pg) by Magistrate Judge Hugh W. Brenneman Jr. to seal indictment pending arrest [EOD Date 5/8/02] (gjf) (Entered: 05/08/2002) |
| 03/07/2002 |  | ARREST WARRANT issued for deft Catherine Ticole Jones by Magistrate Judge Hugh W. Brenneman Jr. (gjf) (Entered: 05/08/2002) |
| 05/08/2002 | 9 | GOVT'S PETITION and ORDER by Magistrate Judge Hugh W. Brenneman, Jr., for Writ of Habeas Corpus ad prosequendum as to deft Catherine Ticole Jones to appear before this Court on 5/28/02 at 2:00 pm in Grand Rapids, MI; writ issued as to deft Catherine Ticole Jones and returned to pltf's rep (ddk) (Entered: 05/09/2002) |
| 05/10/2002 | 12 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Roy Lamont Williams (cc: all counsel by fh) [EOD Date 5/10/02] (gjf) (Entered: 05/10/2002) |
| 05/28/2002 | 35 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Timothy La-Keith Payton (cc: all counsel 5/28/02 fh) [EOD Date 5/30/02] (ddk) (Entered: 05/30/2002) |
| 05/28/2002 | 38 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Robert Jerry Miles (cc: all counsel 5/28/02 fh) [EOD Date 5/30/02] (ddk) Modified on 05/30/2002 (Entered: 05/30/2002) |
| 05/28/2002 |  | MINUTES: before Magistrate Judge Hugh W. Brenneman Jr.; first appearance of Catherine Ticole Jones without attorney present ; deft files financial afdt; court grants deft's request for court-appointed attorney; govt moves for detention and 3-day continuance; deft presently in Ingham County Jail; deft remanded to custody pending detention hrg, arraignment and initial pretrial conference; ct recorder: DDK; Tape B02-151 (ddk) (Entered: 05/30/2002) |
| 05/28/2002 | 41 | FINANCIAL AFFIDAVIT by deft Catherine Ticole Jones in support of request for court-appointed counsel (ddk) (Entered: 05/30/2002) |
| 05/28/2002 | 42 | ORDER (1 pg) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Catherine Ticole Jones appointing federal public defender (cc: all counsel) [EOD Date 5/30/02] (ddk) (Entered: 05/30/2002) |
| 05/29/2002 | 43 | ARREST Warrant returned executed as to deft Catherine Ticole Jones showing deft arrested at Ingham County Jail on 5/22/02 (ddk) (Entered: 05/30/2002) |
| 05/29/2002 | 45 | NOTICE OF COUNSEL ASSIGNMENT by Federal Public Defender; deft Catherine Ticole Jones will be represented by Pamela Chapman Enslen; w/cert of svc (ddk) (Entered: 05/30/2002) |
| 05/29/2002 | 47 | NOTICE of hearing by Magistrate Judge Hugh W. Brenneman Jr. as to defts Catherine Ticole Jones and Faraji Ignatius Loggins; arraignment, initial pretrial conference and detention hrg set for 6/3/02 at 9:00 am (cc: all counsel, USM, USPO 5/29/02 fh) (ddk) (Entered: 05/30/2002) |

| 06/03/2002 | | MINUTES before Magistrate Judge Joseph G. Scoville; date set for arraignment/initial pretrial conference as to deft Robert Blair; deft appeared late, atty Phelan did not appear; court called atty Phelan who stated he had not been retained; with deft's approval the court will appoint counsel; matter rescheduled to 6/10/02 at 2:00 p.m.; bond cont'd; recorded by dmh on Tape 02-S131 (dmh) (Entered: 06/03/2002) |
| 06/03/2002 | | MINUTES: before Magistrate Judge Hugh W. Brenneman Jr.; dft Catherine Ticole Jones arraigned; not guilty plea entered; attorney Pamela Enslen present ; followed by initial pretrial conference ; summary pretrial order to issue; detention hrg held ; deft waives detention subject to right to revisit issue of detention later; deft ordered detained pending trial subject to the right to reopen the issue of detention at a later date; ct recorder: DDK; Tape B02-153 (ddk) (Entered: 06/03/2002) |
| 06/03/2002 | 53 | DEFENDANT'S RIGHTS as to deft Catherine Ticole Jones (ddk) (Entered: 06/03/2002) |
| 06/03/2002 | 54 | ORDER OF DETENTION (1 pgs) of deft Catherine Ticole Jones pending trial by Magistrate Judge Hugh W. Brenneman Jr. (cc: all counsel, USM, USPO 6/3/02 ddk) [EOD Date 6/3/02] (ddk) (Entered: 06/03/2002) |
| 06/03/2002 | 55 | INITIAL PRETRIAL CONFERENCE SUMMARY ORDER (2 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Catherine Ticole Jones; mtn filing ddl set for 6/17/02; jury trial estimated to last 4 days (w/seven defendants); sentencing guidelines apply (cc: dft cnsl, US Atty 6/3/02 ddk) [EOD Date 6/3/02] (ddk) (Entered: 06/03/2002) |
| 06/03/2002 | | REMARK: Case manager for Judge Bell notified that initial pretrial conferences held 6/3/02 as to deft Catherine Ticole Jones, deft Faraji Ignatius Loggins; case ready to proceed before district judge as to said defendants (ddk) (Entered: 06/03/2002) |
| 06/04/2002 | 59 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to defts Catherine Ticole Jones and Faraji Ignatius Loggins (cc: all counsel 6/4/02 fh) [EOD Date 6/4/02] (ddk) (Entered: 06/04/2002) |
| 06/10/2002 | 70 | GOVT'S PETITION and Order by Magistrate Judge Ellen S. Carmody; granting govt's petition for body writ for temporary custody transfer as to deft Catherine Ticole Jones to an FBI agent on 6/13/02 at 2:00 pm for a meeting, and to be returned to the USM that same day; writ issued as to deft Catherine Ticole Jones and returned to pltf's rep (ddk) (Entered: 06/10/2002) |
| 06/10/2002 | 72 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Joseph G. Scoville as to deft Robert Lee Blair; (cc: all counsel) [EOD Date 6/12/02] (dmh) (Entered: 06/12/2002) |
| 07/11/2002 | 80 | ORDER REVOKING BOND (2 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Roy Lamont Williams (cc: USAO, def's atty Mitchell, USM, USPO 7/11/02 ddk) [EOD Date 7/11/02] (ddk) (Entered: 07/11/2002) |
| 07/17/2002 | 85 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Hugh W. Brenneman Jr. as to deft Katrina Curry (cc: all counsel 7/17/02 fh) [EOD Date 7/19/02] (ddk) (Entered: 07/19/2002) |
| 07/17/2002 | 86 | NOTICE of hearing by Chief Judge Robert Holmes Bell as to deft Catherine Ticole Jones; change of plea hrg set for 7/18/02 at 4:30 pm (cc: AUSA Beckering, deft counsel Enslen, USPO, USM 7/17/02 KB) (ddk) (Entered: 07/19/2002) |
| 07/18/2002 | | MINUTES before Chief Judge Robert Holmes Bell; guilty plea entered by Catherine Ticole Jones (2) on count 1; presentence report ordered and deft remanded to custody of USM; Kevin Gaugier, court reporter (dmh) (Entered: 08/01/2002) |
| 07/19/2002 | 87 | NOTICE of hearing by Chief Judge Robert Holmes Bell as to deft Catherine Ticole Jones; sentence hrg set for 10/18/02 at 10:00 am (cc: all counsel, USM, USPO 7/19/02; atty Irv Miller 7/22/02 ddk) (ddk) (Entered: 07/22/2002) |
| 07/19/2002 | 88 | ORDER SETTING PRETRIAL AND JURY TRIAL (2 pgs) by Chief Judge Robert Holmes Bell as to defts Katrina Curry, Robert Lee Blair, Faraji Ignatius Loggins, Roy Lamont Williams, Robert Jerry Miles, and Timothy L-Keith Payton; jury trial set for 9/18/02 at 9:00 am; initial pretrial conference and pending motions hrg set for 9/10/02 at 1:00 pm (cc: all counsel, USM, USPO 7/19/02; atty Irv Miller 7/22/02 ddk) [EOD Date 7/22/02] (ddk) (Entered: 07/22/2002) |
| 07/19/2002 | 89 | PLEA AGREEMENT (7 pgs) as to deft Catherine Ticole Jones (cc: Deft's Atty, US Atty & Probation 7/19/02 ddk) (ddk) (Entered: 07/22/2002) |

| 09/09/2002 | 98 | TRIAL BRIEF by pltf USA as to defts Robert Blair, Robert Miles and Timothy Payton (dmh) (Entered: 09/09/2002) |
|---|---|---|
| 09/09/2002 | 99 | PROPOSED VOIR DIRE by pltf USA as to defts Robert Blair, Robert Miles and Timothy Payton (dmh) (Entered: 09/09/2002) |
| 09/09/2002 | 100 | PROPOSED Jury Instructions by pltf USA as to defts Robert Blair, Robert Miles and Timothy Payton (dmh) (Entered: 09/09/2002) |
| 09/09/2002 | 101 | CERTIFICATE OF SERVICE by pltf USA for pldgs. 98-100 (dmh) (Entered: 09/09/2002) |
| 09/17/2002 | 110 | NOTICE of hearing by Chief Judge Robert Holmes Bell as to deft Catherine Ticole Jones; sentence hrg rescheduled from 10/18/02 to 11/8/02 at 1:00 p.m.; (cc: all counsel, USM, USPO by SB) (dmh) (Entered: 09/18/2002) |
| 09/23/2002 | 113 | ORDER (2 pgs) by Magistrate Judge Hugh W. Brenneman Jr. revoking bond as to deft Timothy La-Keith Payton; (cc: all counsel, USM, USPO by dmh) [EOD Date 9/24/02] (dmh) (Entered: 09/24/2002) |
| 10/11/2002 | 115 | LETTER from USPO to AUSA re: Notice of Bond Violations as to deft Robert Lee Blair and REQUEST for an arrest warrant to issue; per Magistrate Judge Scoville a warrant will issue and USMS instructed to lodge a detainer (dmh) (Entered: 10/15/2002) |
| 10/24/2002 | 121 | ACKNOWLEDGEMENT of Disclosure re: NOTICE of response to presentence report by deft Catherine Ticole Jones (dmh) (Entered: 10/24/2002) |
| 11/01/2002 | 122 | SENTENCING memorandum by deft Catherine Ticole Jones with certificate of service (dmh) (Entered: 11/04/2002) |
| 11/05/2002 | 123 | GOVT'S MOTION for downward departure and release of the mandatory minimum sentence as to deft Catherine Ticole Jones with brief in support and certificate of service (dmh) (Entered: 11/05/2002) |
| 11/08/2002 | | MINUTES before Chief Judge Robert Holmes Bell sentencing deft Catherine Ticole Jones (2) on count 1 to 82 Months imprisonment, 5 Years supervised release, a fine in the amount of $2,000 and $100 special assessment; deft remanded to custody of USM; terminating party Catherine Ticole Jones; Kevin Gaugier, court reporter (dmh) (Entered: 11/18/2002) |
| 11/18/2002 | 124 | JUDGMENT ( 6 pgs) in a Criminal Case as to deft Catherine Ticole Jones by Chief Judge Robert Holmes Bell (cc: dft cnsl, US Atty, USM, Probation) [EOD Date 11/18/02] (dmh) (Entered: 11/18/2002) |
| 11/18/2002 | 125 | ACKNOWLEDGEMENT OF RECEIPT of appeal packet by attorney Pamela Enslen on behalf of deft Catherine Ticole Jones (dmh) (Entered: 11/18/2002) |
| 12/06/2002 | 132 | ORDER (1 pg) by Chief Judge Robert Holmes Bell granting motion by deft Roy Williams to adjourn sentencing [131-1]; sentence hrg rescheduled from 1/3/03 to 2/7/03 at 10:00 a.m.; (cc: all counsel, USM, USPO by dk) [EOD Date 12/9/02] (dmh) (Entered: 12/09/2002) |
| 02/06/2003 | 155 | GOVT'S RESPONSE to request (motion) by deft Roy Williams for downward departure and SENTENCING MEMORANDUM [153-1] (dmh) (Entered: 02/07/2003) |
| 02/06/2003 | 156 | CERTIFICATE OF SERVICE by pltf USA for pldgs. 154-155 (dmh) (Entered: 02/07/2003) |
| 04/21/2004 | 169 | ORDER (1 pg) by Chief Judge Robert Holmes Bell denying motion submitted by deft Katrina Curry pro se, to modify sentence based on family circumstances [168-1] (cc: AUSA, deft Curry) [EOD Date 4/21/04] (dmh) (Entered: 04/21/2004) |
| 05/18/2004 | | MAILED information copies consisting of notice of appeal, docket sheet and judgment to CCA; notified judge and court reporter; re: appeal [170-1] (cc: District Judge and all counsel) (mrs) (Entered: 05/18/2004) |
| 06/01/2004 | 171 | TRANSMISSION FORM showing notice appeal; re: appeal [170-1] filed by CCA on 05/26/04 and assigned CCA # 04-1650 (mrs) (Entered: 06/01/2004) |
| 10/04/2004 | 174 | LETTER to court for the Court of Appeal indicating that the motion for leave to proceed in forma pauperis has not be determine (mrs) (Entered: 10/05/2004) |
| 12/01/2005 | 179 | DISREGARD - TRANSMISSION FORM re appeal 170 (mrs, ) Modified on 12/1/2005 wrong event used; refiled as document #180 (mrs, ). (Entered: 12/01/2005) |

| 03/11/2008 | 200 | ATTORNEY APPEARANCE of Raymond E. Beckering, III for USA (Beckering, Raymond) (Entered: 03/11/2008) |
| 03/24/2008 | 202 | PROBATION/SUPERVISED RELEASE JURISDICTION TRANSFERRED to Northern District of California as to Catherine Ticole Jones (gjf) (Entered: 03/25/2008) |
| 03/25/2008 | 203 | TRANSMITTAL LETTER sending documents regarding transfer of jurisdiction of probationer/supervised releasee Catherine Ticole Jones to Northern District of California (gjf) (Entered: 03/25/2008) |